**Case No. 22-15961**

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DONALD J. TRUMP, the Forty-Fifth President of the United States;
LINDA CUADROS; AMERICAN CONSERVATIVE UNION; RAFAEL BARBOSA;
DOMINICK LATELLA; WAYNE ALLYN ROOT; NAOMI WOLF,
*Plaintiffs-Appellants,*

v.

TWITTER, INC.; JACK DORSEY,
*Defendants-Appellees,*

and

UNITED STATES OF AMERICA,
*Intervenor-Appellee.*

―――――――――――――――――
*Appeal from the United States District Court for the Northern District of California (San Francisco),
Case No. 3:21-cv-08378-JD · The Honorable James Donato, District Judge*

**APPELLANTS DONALD J. TRUMP, AMERICAN CONSERVATIVE UNION, RAFAEL BARBOSA, LINDA CUADROS, DOMINICK LATELLA, AND WAYNE ALLYN ROOT'S MOTION FOR LEAVE TO FILE OPENING BRIEF THAT EXCEEDS TYPE-VOLUME LIMITATIONS**

JOHN P. COALE
2901 Fessenden Street NW
Washington, D.C. 20008
Telephone: (202) 255-2096
johnpcoale@aol.com

ALEX KOZINSKI
719 Yarmouth Road, Suite 101
Palos Verdes Estates, CA 90274
Telephone: (310) 541-5885
alex@kozinski.com

ANDREI POPOVICI
MARIE L. FIALA
LAW OFFICE OF ANDREI D. POPOVICI, P.C.
2121 North California Blvd., Suite 290
Walnut Creek, CA 94596
Telephone: (650) 530-9989
andrei@apatent.com
marie@apatent.com

*Attorneys for Plaintiffs-Appellants,
Donald J. Trump, the Forty-fifth President of the United States;
Linda Cuadros; American Conservative Union; Rafael Barbosa;
Dominick Latella; Wayne Allyn Root*

**Additional Counsel Listed on Signature Page**


COUNSEL PRESS · (213) 680-2300   PRINTED ON RECYCLED PAPER 

Pursuant to Circuit Rule 32-2, Plaintiffs-Appellants Donald J. Trump, American Conservative Union, Rafael Barbosa, Linda Cuadros, Dominick Latella, and Wayne Allyn Root ("Plaintiffs") respectfully move this Court for permission to file an Opening Brief that exceeds that exceeds the 14,000 word type-volume limitation set forth in Circuit Rule 32-1(a) by **952 words**. The reasons for this request are set forth in the accompanying Declaration of Marie L. Fiala in support of this motion. Plaintiff-Appellant Naomi Wolf does not oppose this motion. Defendant-Intervenor The United States takes no position on this motion. Defendants-Appellees Twitter, Inc. and Jack Dorsey will oppose this motion.

This motion is accompanied by a copy of Plaintiffs' Opening Brief, which includes the word count certification required by Circuit Rule 32-1(e).

Dated: November 14, 2022          Respectfully submitted,

ANDREI POPOVICI
MARIE L. FIALA
LAW OFFICE OF ANDREI D. POPOVICI, P.C.

By:     *s/ Marie L. Fiala*
          Marie L. Fiala

*Attorneys for Plaintiffs-Appellants
Donald J. Trump, American
Conservative Union, Rafael Barbosa,
Linda Cuadros, Dominick Latella,
and Wayne Allyn Root*

JOHN P. COALE
2901 Fessenden Street NW
Washington, DC 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

ALEX KOZINSKI
719 Yarmouth Road, Suite 101
Palos Verdes Estates, CA 90274
Telephone: (310) 541-5885
Email: alex@kozinski.com

JOHN Q. KELLY
MICHAEL J. JONES
RYAN TOUGIAS
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Email: jqkelly@ibolaw.com
Email: mjones@ibolaw.com

RICHARD POLK LAWSON
GARDNER BREWER HUDSON
400 North Ashley Drive, Suite 1100
Tampa, FL 33602
Telephone: (813) 221-9600
Facsimile: (813) 221-9611
Email: rlawson@gardnerbrewer.com

FRANK C. DUDENHEFER , JR.
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com

## DECLARATION OF MARIE L. FIALA

I, Marie L. Fiala, hereby declare as follows:

1. I am an attorney at law, duly licensed to practice in the State of California and a member in good standing of the Bar of this Court. I am one of the counsel of record for Plaintiffs-Appellants Donald J. Trump, American Conservative Union, Rafael Barbosa, Linda Cuadros, Dominick Latella, and Wayne Allyn Root ("Plaintiffs") in this matter. I make this declaration based on my personal knowledge of the facts set forth herein.

2. Plaintiffs' Opening Brief is due on November 14, 2022. Plaintiffs seek this Court's permission to file an Opening Brief that exceeds the 14,000-word type-volume limitation set forth in Circuit Rule 32-1(a) by **952 words**.

3. The issues raised by Plaintiffs' First Amended Complaint ("FAC") and the District Court's order dismissing Plaintiffs' First Amended Complaint are legally complex and highly dependent on an extensive factual record. The First Count of the FAC alleges that members of Congress and the Executive Branch coerced, encouraged, and acted jointly with Defendants-Appellees ("Defendants") to censor Plaintiffs' speech on the Twitter platform. As a result of this state action, Defendants' censorship violated the First Amendment.

4. The test for determining whether state action exists is "necessarily fact-bound." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). A state

3

action determination requires the Court to "consider the full factual context of the case." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 752 (9th Cir. 2020). "Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1962).

5. The governmental actions and statements that give rise to state action in this case took place over several years in multiple settings, including several formal congressional hearings, official statements and press conferences from the White House, and dozens of public and covert communications between as many as 50 senior Executive Branch officials and social media platforms, including the Defendants.

6. The FAC alone is 56 pages long; the majority of those pages lay out the facts demonstrating the government's coercion and encouragement of, and collusion with, Defendants' censorship. In addition, the District Court granted Plaintiffs' request to take judicial notice of dozens of additional pages of evidence demonstrating state action. Substantial space in the Opening Brief is required simply to summarize this factual record.

7. In addition, multiple legal tests for assessing whether state action exists have been recognized by the Supreme Court and this Court. Plaintiffs' Opening Brief contains eleven different legal arguments showing that Plaintiffs

have adequately pleaded state action, that the District Court erred in concluding that Plaintiffs' allegations were insufficient to support their First Amendment claim, or both. Substantial space in the Opening Brief is required to discuss the relevant legal authorities and explain how the factual record satisfies the requirements set out in those cases.

8. The issues raised by this appeal are consequential, not only for the Plaintiffs, but also for our democratic society. As the Supreme Court has recognized, social media platforms are "the most powerful mechanisms available to a private citizen to make his or her voice heard." *Packingham v. North Carolina*, 582 U.S. \_\_\_, 137 S.Ct. 1730, 1735 (2017). This means that information suppressed on social media cannot reach large segments of the public, rendering discussion and debate of important—if controversial—ideas difficult or impossible. Defendants' state-induced censorship included suspending the Twitter account of then-President Trump, who used his Twitter account to communicate news and information directly to the public and to conduct public discussion and debate about government policy. With few exceptions, supporters and critics alike were welcome on the President's Twitter page. With Plaintiff Trump suspended from Twitter, it has been considerably more difficult for Mr. Trump to act as head of the Republican Party, campaign for Republican candidates, fundraise, and conduct other activities typically engaged in by former Presidents.

9. Plaintiffs' FAC also alleges claims under two different Florida statutes, the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. §§ 501.201 et seq., and the Stop Social Media Censorship Act ("SSMCA"), Fla. Stat. § 501.2041. The District Court dismissed these claims on several grounds, including choice of law and standing issues. Additional space in the Opening Brief is required to brief the errors in the District Court's analysis of these issues.

10. These factors have made it exceedingly difficult to limit the statements of fact and legal arguments in the Opening Brief to the word limitation set forth in Circuit Rule 32-1(a).

11. The undersigned has made every effort to keep Plaintiffs' Opening Brief under the 14,000-word limitation. Despite multiple rounds of editing that shortened the brief, however, the brief currently exceeds the type-volume limitations by 952 words, for a total of 14,952 words. In my opinion, it would be extremely difficult to adequately present the facts and arguments in support of Plaintiffs' appeal in fewer words.

12. On October 28, 2022, I emailed counsel of record for all parties to advise that the Plaintiffs would file this motion and asking whether they would oppose the motion. On October 28, 2022, counsel for Plaintiff-Appellant Naomi Wolf responded that Dr. Wolf will not oppose the motion. On October 30, 2022,

counsel for Intervenor United States responded that the United States takes no position on the motion. On November 2, 2022, counsel for Defendants-Appellees Twitter, Inc. and Jack Dorsey responded that Defendants-Appellees will oppose the motion.

    I hereby declare under the laws of the State of California and the United States of America that the foregoing is true and accurate and that this declaration was executed on November 14, 2022, in Orinda, California.

                                                   *s/ Marie L. Fiala*
                                                   Marie L. Fiala