No. 22-15961

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DONALD J. TRUMP, ET AL.,

*Plaintiffs-Appellants*,

*v.*

TWITTER, INC., ET AL.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:21-cv-0837-JD
Hon. James Donato

**APPELLEES' RESPONSE TO CERTAIN
APPELLANTS' MOTION FOR JUDICIAL NOTICE**

FELICIA H. ELLSWORTH
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

EMILY BARNET
RISHITA APSANI
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
New York, NY 10007
Telephone: (212) 937-7294

November 25, 2022

PATRICK J. CAROME
ARI HOLTZBLATT
SUSAN M. PELLETIER
ALLISON M. SCHULTZ
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
patrick.carome@wilmerhale.com

*Counsel for Defendants-Appellees
Twitter, Inc. and Jack Dorsey*

The motion of six of the Appellants—Donald Trump, the American Conservative Union, Rafael Barbosa, Linda Cuadros, Dominick Latella, and Wayne Allyn Root (the "Moving Plaintiffs")—is an abuse of the Federal Rules of Civil Procedure and the Rules of Evidence. In this appeal from the dismissal of all Plaintiffs' amended complaint, the question before the Court is whether that "*complaint* … contain[ed] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Perez v. Mortgage Electronic Registration Sys., Inc.*, 959 F.3d 334, 337 (9th Cir. 2020) (emphasis added) (citation omitted). The Moving Plaintiffs now attempt an end run around that well-established standard by, in effect, seeking to amend their complaint on appeal with hundreds of pages of new factual allegations. This is procedurally improper. These materials could and should have been presented to the district court in the first instance either by inclusion in a second amended complaint—an option all Plaintiffs waived—or through a request for an indicative ruling on a motion for relief from judgment. The motion also violates the Rules of Evidence because it seeks judicial notice of materials not simply "to indicate what was in the public realm at the time" but to establish that their contents—and inferences that supposedly might be drawn therefrom—"were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). The motion should be denied for these reasons.

1

Even if the Moving Plaintiffs' request for judicial notice were proper, the newly submitted documents would not change the soundness of the district court's dismissal of Plaintiffs' claims. Defendants' merits brief will address the substantive reasons why the newly proffered documents have no bearing on the validity of the dismissed claims, and here address only the procedural and evidentiary defects in the motion.

## I. THE MOVING PLAINTIFFS ARE IMPROPERLY ATTEMPTING TO AMEND THEIR COMPLAINT ON APPEAL

This Court "rarely take[s] judicial notice of facts presented for the first time on appeal." *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011). Extra-record materials may be considered on appeal only when "necessary to prevent 'a miscarriage of justice.'" *Foskaris v. Experian Info. Sols., Inc.*, 808 F. App'x 436, 440 (9th Cir. 2020) (unpublished) (quoting *Bolker v. Commissioner of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985)). The Moving Plaintiffs have not and could not make that showing. They do not seek notice of just one or two discrete facts but of nearly 200 pages of material cited approximately 50 times throughout their opening brief. This is no ordinary request for judicial notice, but rather an untimely and improper attempt to amend the complaint and augment the record on appeal. Having foregone opportunities to properly put these materials before the district court, the Moving Plaintiffs cannot now belatedly append them to a closed appellate record.

First, the Moving Plaintiffs cannot now seek judicial notice of material that could have been timely included in a second amended complaint. The purpose of a motion to dismiss is to "test[] the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-1242 (9th Cir. 2011) (quotation marks and citation omitted). Where a complaint's factual allegations are found insufficient, plaintiffs ordinarily are given the opportunity to cure any defects through amendment. Here, all Plaintiffs were given just that opportunity; the District Court's May 6, 2022 order dismissing the first amended complaint gave them until May 27, 2022 to file a second amended complaint. 1-ER-20. All Plaintiffs, however, "advised the Court that they ha[d] elected not to file an amended complaint," and so the district court entered judgment. 1-ER-2. Given their express decision to forgo amendment, the Moving Plaintiffs may not now "circumvent th[e] process" for proper review of a motion to dismiss "by asking [an appellate court] to amend the complaint, effectively, through the vehicle of judicial notice." *In re Omnicare, Inc. Secs. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014) (holding that plaintiff's request for judicial notice was "forfeited" where plaintiff did not challenge district court's denial of request to amend the complaint). For this reason, the Moving Plaintiffs' motion should be denied at least as to all proffered documents that were publicly available on or before May 27, 2022, which was the last day they could have filed a second amended

3

complaint in the district court. This includes, at least, Exhibits 1-10 and 17-28, all of which are public documents dated between April 12, 2019, and May 25, 2022.

Second, with respect to any information that they were able to obtain only after they decided not to amend their complaint, the Moving Plaintiffs could have sought relief through proper channels established in the Federal Rules of Civil and Appellate Procedure. Having chosen not to, their request to now augment the record on appeal is improper. Where newly discovered evidence calls a judgment into question, a party may seek relief through Federal Rule of Civil Procedure 60(b). Of course, while an appeal is pending a district court has no jurisdiction to revisit the order being appealed. Federal Rule of Civil Procedure 62.1, however, provides an avenue for relief: A litigant may seek an "indicative ruling" from the district court as to whether it would grant a motion, such as a Rule 60(b) motion, over which it no longer has jurisdiction "because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1. If the district court were to indicate that it would grant such a motion or that the motion raised a substantial issue, the movant could then notify the clerk for the court of appeals under Federal Rule of Appellate Procedure 12.1. The court of appeals could then remand for further proceedings in the district court. *See* Fed. R. Civ. P. 12.1(b).

The Moving Plaintiffs are undoubtedly aware of these procedures. Their co-plaintiff, Naomi Wolf, filed a motion for indicative ruling in the district court

4

seeking relief from judgment based on the same set of documents included in Exhibits 13-16 of the instant motion. *See* Declaration of Scott J. Street, *Trump v. Twitter*, Case No. 3:21-cv-08378-JD, Dkt. 177 (Aug. 26, 2022); Supplemental Declaration of Scott J. Street, *Trump v. Twitter*, Case No. 3:21-cv-08378-JD, Dkt. 180 (Sept. 8, 2022). Inexplicably, having elected not to join Wolf's motion or otherwise seek relief in the district court, the Moving Plaintiffs now seek to put these same documents directly before this Court through a request for judicial notice. This Court should not condone such abuse of the rules of civil procedure and should deny the Moving Plaintiffs' motion.

## II. THE MOVING PLAINTIFFS IMPROPERLY SEEK JUDICIAL NOTICE OF THE TRUTH OF MATTERS ASSERTED IN AND INFERENCES DRAWN FROM THE MATERIALS SUBMITTED

In addition to being procedurally improper, the motion also abuses the Rules of Evidence. The Rules of Evidence distinguish between the existence of a document, which is "susceptible to judicial notice," and the "assertion[s] of fact within that document," which are not. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Moreover, statements the meaning or import of which are "subject to varying interpretations," are particularly inappropriate for judicial notice. *Id.* at 1000 (quotation marks and citation omitted) (holding that while a transcript was a source whose accuracy could not reasonably be questioned, facts contained in the transcript did "not qualify for judicial notice"). Courts, therefore,

may take judicial notice of the existence of a public document, but "may not, on the basis of [such documents], draw inferences" or take notice of the truth of the matters asserted. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *accord Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (similar).

Here, the Moving Plaintiffs impermissibly seek notice not of the existence of the many documents attached to their motion, but of debatable inferences drawn from those documents and the truth of the dubious assertions they contain. Most egregious, perhaps, are Exhibits 20 and 21, online articles of unknown provenance of which the Moving Plaintiffs seek notice for the facts they contain about "[i]nvestors' and voters' reactions to information in the public realm about government coercion and suppression of disfavored content." MJN at 9. This turns the mechanism of judicial notice on its head. Judicial notice of news articles is appropriate only "to indicate what was in the public realm at the time," *Von Saher*, 592 F.3d at 960—not subjective reactions to such information. But the Moving Plaintiffs seek notice of these articles to establish how one individual "interpret[ed] … statements [from legislators] to pressure social media," Br. 41 (citing MJN Ex. 20), and that, according to one poll, "awareness of the Hunter Biden scandal would have led 9.4% of Biden voters to abandon the Democratic candidate," Br. 3-4 (citing MJN Ex. 21). Because the truth of such "facts" cannot be "determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), they

6

may not be established by means of judicial notice.

The Moving Plaintiffs' other requests are similarly inappropriate. They seek notice of various written communications and hearing transcripts to establish not their existence but the truth of *inferences* drawn from their contents—specifically, that "Members of Congress and senior officials in the Executive Branch specifically threatened … legal penalties if Defendants did not censor speakers and content disfavored by those officials," MJN 9 (referencing Exhibits 1-10, 18-19, 22-25, and 27), and that "government officials … have worked directly, but covertly, with Defendants and other social media companies to identify and censor disfavored content on social media," MJN 9 (referencing Exhibits 11-16).[1] Rule 201 cannot be stretched in this way. As this Court has held, "[i]t is improper to judicially notice a transcript where the substance of that transcript is subject to varying interpretations" because in such circumstances "there is no fact established by the transcript" the

---

[1] In one instance, the Moving Plaintiffs seek notice not of communications between government officials and social media companies, but of a news article reporting on a statement by the Attorney Generals of Missouri and Louisiana characterizing what they believed communications produced in litigation showed. *See* MJN 76 (Ex. 13). According to the Moving Plaintiffs, this article establishes, by means of judicial notice, that government actors "regularly coordinate with social media platforms about suppressing speech that disagrees with the government's preferred narratives." Br. 14 citing MJN 76-68). That is not a fact "capable of accurate and ready determination by resort to" an article reporting on litigants' biased interpretation of certain documents, Fed. R. Evid. 201(b)(2).

7

accuracy of which can be readily determined. *Khoja*, 899 F.3d at 1000 (quotation marks and citation omitted); *accord United States v. Raygoza-Garcia*, 902 F.3d 994, 1001-1002 (9th Cir. 2018) (the Rules of Evidence do not permit this Court to "draw inferences from the [information] contained" in extra-record material by means of judicial notice). Because the meaning and import of the statements included in these documents are subject to interpretation, they are not proper subjects of judicial notice.

## CONCLUSION

The motion for judicial notice should be denied.

                Respectfully submitted,

| | |
|---|---|
| | /s/ *Patrick J. Carome* |
| FELICIA H. ELLSWORTH | PATRICK J. CAROME |
| WILMER CUTLER PICKERING HALE AND DORR LLP | ARI HOLTZBLATT |
| | SUSAN M. PELLETIER |
| 60 State Street | ALLISON M. SCHULTZ |
| Boston, MA 02109 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| Telephone: (617) 526-6000 | 1875 Pennsylvania Avenue, NW |
| | Washington, D.C. 20006 |
| EMILY BARNET | Telephone: (202) 663-6000 |
| RISHITA APSANI | patrick.carome@wilmerhale.com |
| WILMER CUTLER PICKERING HALE AND DORR LLP | |
| 7 World Trade Center | *Counsel for Defendants-Appellees* |
| New York, NY 10007 | *Twitter, Inc. and Jack Dorsey* |
| Telephone: (212) 937-7294 | |

November 25, 2022

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ *Patrick J. Carome*
PATRICK J. CAROME