**No. 22-15961**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

Donald Trump *et al.*,

*Plaintiffs-Appellants*,

v.

Twitter, Inc., and Jack Dorsey,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:21-cv-08378-JD
Hon. James Donato

_____

**APPELLANT NAOMI WOLF'S RESPONSE TO SUGGESTION OF
MOOTNESS; DECLARATION OF DR. NAOMI WOLF**

_____

Scott J. Street (Cal. Bar No. 258962)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

*Attorneys for Appellant Naomi Wolf*

**NAOMI WOLF'S RESPONSE TO SUGGESTION OF MOOTNESS**

Appellant Naomi Wolf respectfully responds to the Court's suggestion that the case is moot.

Dr. Wolf joined this case after Twitter banned her for raising questions about women's health related to Covid-19 that were plausible but which the federal government did not want people to hear. Appellees suggest that Dr. Wolf's claims may have become moot given the sale of Twitter to Elon Musk. Mr. Musk has made many changes to Twitter's policies, including restoring the accounts that belonged to people like Drs. Robert Malone and Peter McCullough, who were previously banned, and he has opened Twitter's internal files to reporters to show how former Twitter employees worked with the federal government, including public health and intelligence officials, to silence people who disagreed with the government's position on certain issues, including Covid-19. Declaration of Dr. Naomi Wolf dated March 23, 2023 ("Wolf Decl."), ¶ 2.

The case is not moot. "Mootness is the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir.1994) (cleaned up). The recent developments at Twitter do not render Dr. Wolf's claims moot. The Supreme Court has held that a defendant's voluntary cessation of a challenged

3

practice does not moot a case unless "subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quotations omitted). That is a high standard. For example, in *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017), the Supreme Court held that the Governor of Missouri's decision to let religious organizations compete for state grants on the same terms as secular organizations did not meet the State's "'heavy burden' of making 'absolutely clear' that it could not revert to its policy of excluding religious organizations." *Id.* Similarly, in *Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298, 307, 132 S. Ct. 2277, 2287, 183 L. Ed. 2d 281 (2012), the Supreme Court found that the case was not moot, despite the SEIU's voluntary cessation of challenged conduct, "since the union continues to defend the legality of the Political Fight–Back fee …."

Indeed, under established law, the "voluntary cessation of allegedly illegal conduct does *not* deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (emphasis added). The party trying to show otherwise bears a "formidable burden …." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

Twitter has not satisfied that burden. Unlike it did with former President Trump and other prominent political figures, Twitter has not pledged to stop censoring Dr. Wolf or apologized for its past actions. Wolf Decl. ¶¶ 3-4. It has not even restored her primary, verified account: Dr. Wolf continues to get locked out of her verified Twitter account and she is often re-directed to an account she did not create, and which has virtually no reach. *Id.* ¶ 3.

Moreover, one of Dr. Wolf's goals in this case was to establish that social media companies like Twitter engage in state action when they work with the government to censor people on their platforms. The District Court dismissed the case because it deemed these arguments implausible. Dr. Wolf's opening brief explains why they are plausible, especially under the close nexus and joint action tests, both of which this Court has recognized as grounds for finding a private party to engage in state action. *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 748 (9th Cir. 2020). Those arguments remain ripe. In fact, a federal judge in the Western District of Louisiana ruled this week that such allegations do state a claim under the state action doctrine. ECF 224, *State of Missouri et al. v. Joseph R. Biden et al.*, No. 3:22-CV-01213-TAD-KDM, at pp. 55-70 (W.D. La. Mar. 20, 2023).

One hopes that social media companies like Twitter stop working with the federal government to censor people who say things the government does not want people to hear. But it could happen again.

5

Twitter censored Dr. Wolf. It did great financial harm to her in the process. Newspapers continue to describe her as having been removed from Twitter. Wolf Decl., ¶ 4. That harm has not been remedied and cannot be remedied unless Dr. Wolf prevails in this case or Twitter acknowledges its wrongdoing, as it did with Alex Berenson, another journalist who sued Twitter after it censored him. Until it does that, Twitter has not met its heavy burden of proving that the case is moot.

Indeed, declaring this case moot now would reward Twitter for its actions. Twitter defended the case vigorously below. It was only on appeal, after damaging discovery in a lawsuit brought by two state attorneys general (which caused Dr. Wolf to seek relief under Rule 60) and because of a billionaire's purchase (which almost fell through), that Twitter rescinded its policy about censoring certain information related to Covid-19, including information about women's health issues that, in Dr. Wolf's case, was true. If Mr. Musk steps down as CEO, as he has said he might do, or other circumstances change, Twitter could bring the policy back. Given the constitutional implications, this is precisely the type of case that should continue.[1] Moreover, as revealed by recent Congressional testimony and related reporting, social media companies like Twitter continue to either censor or

---

[1] Even though this Court has extended a *Bivens* remedy to First Amendment claims before, *Moss v. U.S. Secret Service*, 572 F.3d 962, 967 n.4 (9th Cir. 2009), it is not clear that Dr. Wolf can bring a First Amendment based damages claim against Twitter under current Supreme Court authority. *See Doe v. Google LLC*, No. 21-16934, 2022 WL 17077497, at *3 (9th Cir. Nov. 18, 2022) (holding that such claims are foreclosed). Thus, Dr. Wolf focused on her claims for declaratory and prospective relief here.

place warning labels on content that, as in Dr. Wolf's case is true but which the government deems harmful. *See* Jacob Sullum, *The Crusade Against 'Malinformation' Explicitly Targets Inconvenient Truths*, Reason, Mar. 22, 2023, https://reason.com/2023/03/22/the-crusade-against-malinformation-explicitly-targets-inconvenient-truths/ (describing these efforts).

In addition, a claim is not moot if it is capable of repetition yet evading review. *See FEC v. Wisconsin Right to Life, Inc.,* 551 U.S. 449, 462 (2007). This exception applies when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). It is often applied in the political context, including election-related cases, "because litigation has only a few months before the remedy sought is rendered impossible by the occurrence of the relevant election." *Graveline v. Benson*, 992 F.3d 524, 533 (6th Cir. 2021) (quotations omitted).

For example, in *Wisconsin Right to Life*, the Supreme Court held that an as-applied challenge to the FEC's blackout period for political and issue advertisements "fit comfortably within the established exception to mootness for disputes capable of repetition, yet evading review." 551 U.S. at 462. The Court rejected the defendant's argument that the plaintiffs needed to show that future

advertisements would share *all* the characteristics. "Requiring repetition of every 'legally relevant' characteristic of an as-applied challenge—down to the last detail—would effectively … [make] this exception unavailable for virtually all as-applied challenges." *Id.*

The same reasoning applies here. As in *Wisconsin Right to Life*, Dr. Wolf had "credibly claimed" that she plans to publish information in the future that is critical of the government and therefore similar to what Twitter censored before. The record before this Court does not include any evidence that contradicts that claim. There is also no evidence that the government's inducement to censor has abated in the slightest and, with the exception of some tweets from its new owner, nothing that shows that Twitter has foresworn government-prompted censorship.

In fact, there is no evidence, period, that the federal government will stop pressuring private companies, particularly Twitter, to censor viewpoints that the government disapproves of and no evidence that Twitter will stand up to such pressure. The only thing that will stop Twitter from censoring people like Dr. Wolf when they criticize the government is a decision that the First Amendment prohibits Twitter from doing so.

Finally, this case is not like those in which a governmental body changed the law to ensure that the harm the plaintiff suffered does not happen again. *See Stott Outdoor Advert. v. Cnty. of Monterey*, 601 F. Supp. 2d 1143, 1151 (N.D. Cal.

2009) (explaining that it would be impossible for plaintiff to suffer harm based on government's exercise of discretion because "new billboards will be prohibited as a matter of local law rather than as a matter of discretion"). Despite Mr. Musk's purchase and effort to change Twitter's policies, Dr. Wolf continues to be censored, sometimes for short periods of time and, in her belief, at the direction of government officials who wish to silence her (evidence of which she obtained through other legal actions and submitted to the District Court, which sat on them for months without taking any action).

Therefore, Dr. Wolf's First Amendment claim is not moot, and she respectfully requests that the Court continue adjudicating this appeal so that she has a fair chance to litigate her claims.

Respectfully submitted,

Date: March 24, 2023

JW HOWARD/ATTORNEYS, LTD.


*s/ Scott J. Street*
Scott J. Street

*Attorneys for Appellant Naomi Wolf*

## <u>DECLARATION OF NAOMI WOLF</u>

I, Dr. Naomi Wolf, declare as follows:

1.      I am over the age of 18 and a plaintiff/appellant in this action. I am submitting this declaration in response to the Court's suggestion that this case may be moot. I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called to do so.

2.      Appellees suggested that my claims may have become moot given the sale of Twitter to Elon Musk. Mr. Musk has made many changes to Twitter's policies, including restoring the accounts that belonged to people like Drs. Robert Malone and Peter McCullough, and he has opened Twitter's internal files to reporters to show how former Twitter employees worked with the federal government, including public health and intelligence officials, to silence people who disagreed with the government's position on certain issues, including Covid-19.

3.      Those changes have not affected me yet. I am the CEO of a digital platform and therefore recognize that there are many ways to silence a user via changes to the back end that limit the user's range and access but without utilizing the more obvious methods of suspension and de-platforming. Those methods appear to have been used in my case. For example, although I was told that my account had been reopened, I am usually re-directed to an account in my name that

10

I did not create, and which has virtually no followers. Posts that I make to 179,000 followers often receive no response. Occasionally, I am unable to post to the verified, blue-check account that I used before Twitter suspended me and which had 150,000 followers. At times I am not allowed to log in at all.

4.  I suffered at least $1 million in harm because of Twitter's actions. Moreover, news outlets continue to report that Twitter banned me for spreading false information. As recently as December 6, 2021, the *Yale Daily News* published an article that (falsely) referred to me being removed from Twitter for spreading misinformation. Twitter has not corrected the record or apologized to me for its actions, although the company did apologize to and correct the record for Alex Berenson, another journalist who was improperly suspended from Twitter and who sued in response. Mr. Berenson used his public settlement with Twitter to repair some of the damage that had been done to his career. Unless and until Twitter does the same for me, I will continue to seek relief in the courts.

Under penalty of perjury, under the laws of the United States of America, I declare that the foregoing is true and correct. Executed this 23rd day of March 2023, at Copake, New York.

Dr. Naomi Wolf

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number(s) 22-15961**

I am the attorney or self-represented party.

**This brief contains 1,611 words,** excluding the items exempted by Fed. R.

App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P.

32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5),
Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature:** *s/ Scott J. Street*        **Date:** <u>March 24, 2023</u>

## <u>CERTIFICATE OF SERVICE</u>

### *Donald Trump, et al. v. Twitter, Inc. and Jack Dorsey*
### U.S. NINTH CIRCUIT, Case No. 22-15961

At the time of service, I was over 18 years of age and not a party to this action. I am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 1400, San Diego, California 92101.

On March 24, 2023, I caused the **APPELLANT NAOMI WOLF'S RESPONSE TO SUGGESTION OF MOOTNESS; DECLARATION OF DR. NAOMI WOLF** to be filed and served via the Court's Electronic Service upon the parties listed on the Court's service list for this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 24, 2023 at San Diego, California.

*/s/ Dayna Dang*_____ _
Dayna Dang, Paralegal
dayna@jwhowardattorneys.com