WILMERHALE

September 22, 2023

**Ari Holtzblatt**

+1 202 663-6000 (t)
+1 202 663 6363 (f)
ari.holtzblatt@wilmerhale.com

**VIA CM/ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re:** ***Trump et al. v. Twitter, Inc. et al.*, 22-15961**
    (Oral argument scheduled October 4, 2023)

Dear Ms. Dwyer:

Appellees respectfully respond to Appellants' submission of the Fifth Circuit's decision in *Missouri v. Biden*, 2023 WL 5821788 (Sept. 8, 2023).

The Fifth Circuit's decision is irrelevant for at least three reasons.

First, *Missouri* addresses only First Amendment claims against government actors. It thus did not determine, under *Lugar's* first prong, whether social media companies' content-moderation decisions were caused by a "rule of conduct imposed by the government." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). As explained (Twitter Br. 24), plaintiffs must satisfy *Lugar*'s first prong but have not.

Second, *Missouri* addressed only coercion and significant-encouragement state-action tests, and only regarding claims against the government. As explained (Twitter Br. 42), coercion alone is insufficient to hold a private actor constitutionally liable, lest the victim of coercion be held liable for the government's conduct. And *Missouri* adopted a significant-encouragement test—requiring only "entanglement" or participation, 2023 WL 5821788, at \*14—that would conflict with this Court's precedent if applied to a private party. At least in First Amendment claims against private parties, this Court aligns encouragement with coercion, requiring "positive incentives" that "compel the [private] party to act in a certain way." *O'Handley v. Weber*, 62 F.4th 1145, 1158 (9th Cir. 2023).

Wilmer Cutler Pickering Hale and Dorr LLP, 2600 El Camino Real, Suite 400, Palo Alto, CA 94306

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

WILMERHALE

September 22, 2023
Page 2


Third, *Missouri* did not conduct the platform- and plaintiff-specific analysis required here. To hold a private actor constitutionally liable, a plaintiff must show that the "government commanded a particular result in, or otherwise participated in, [its] specific case." *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1014 (9th Cir. 2020). Plaintiffs have not made that showing, *see* Twitter Br. 40-41, 47-49, and *Missouri* does not change that. Because *Missouri* involved the government's potential liability, it addressed the full breadth of the Biden administration's communications with all social media companies without distinguishing between Twitter and other platforms. And the government conduct in *Missouri* does not align with plaintiffs' claims here. As a case against the Biden administration, *Missouri* focused on the conduct of that administration. Here, only two plaintiffs, Root and Wolf, alleged post-January 2021 content-moderation actions, and each of their claims are moot, *see* Dkt. 65.


Respectfully submitted,

/s/ *Ari Holtzblatt*
Ari Holtzblatt
Wilmer Cutler Pickering
  Hale and Dorr LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 663-6000

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing letter complies with the type-volume limitations of Fed. R. App. P. 28(j) and Ninth Circuit local rules because the body contains 350 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally space typeface using Word 14-point Times New Roman.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2023, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ *Ari Holtzblatt*
Ari Holtzblatt