# WILMERHALE

December 8, 2023

**VIA CM/ECF**

Ari Holtzblatt

+1 202 663-6000 (t)
+1 202 663 6363 (f)
ari.holtzblatt@wilmerhale.com

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re:** *Trump et al. v. Twitter, Inc. et al.*, 22-15961
   (Case argued and submitted October 4, 2023)

Dear Ms. Dwyer:

Appellees respectfully respond to Appellants' submission of *Acheson Hotels, LLC v. Laufer*, No. 22-429 (U.S. Dec. 5, 2023).

*Acheson* confirms that a case should be dismissed as moot where, as here, the conduct mooting the case was motivated by considerations independent of the litigation. *See* Twitter Br. 20. In *Acheson*, the Supreme Court dismissed the case as moot after the plaintiff voluntarily dismissed the suit with prejudice because it was "not convinced … that [the plaintiff] abandoned her case in an effort to evade [Supreme Court] review." Slip op. at 2, 3. Instead, the plaintiff voluntarily dismissed the case because "a lower court sanctioned her lawyer." *Id.* at 3. So too in this case, the conduct mooting certain Appellants' claims—Twitter's change to its COVID-19 misinformation policy and reinstatement of certain Plaintiffs' accounts—was not motivated by a desire to avoid this Court's review. Instead, those decisions were driven by an entirely independent consideration: a strategic vision for the business adopted by Twitter's new owner. Twitter Br. 20-21.

*Acheson* did not, contrary to Appellants, hold that a commitment not to repeat wrongful conduct is an "indispensable predicate" for rendering the case moot. Rather, it treated the representation as relevant to the core question of whether the plaintiff's conduct was motivated by a desire to evade the Court's review. Plaintiff's disavowal of any intention to file any further ADA suits supported the conclusion that she was not "manipulating the jurisdiction of the Court," avoiding Supreme Court review only to pursue the same claims again.

WILMERHALE

December 8, 2023
Page 2

Here too, the new direction of Twitter indicates that the allegedly wrongful conduct—claimed government interference with particular content-moderation decisions—will not occur in the future.  See Dkt. 118 at 6-9.  As in *Acheson*, that supports the conclusions that Twitter's conduct was not motivated by this litigation and that the reinstated Plaintiffs' claims are moot.

Respectfully submitted,

/s/  *Ari Holtzblatt*
Ari Holtzblatt
Wilmer Cutler Pickering
  Hale and Dorr LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 663-6000

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies with the type-volume limitations of Fed. R. App. P. 28(j) and Ninth Circuit local rules because the body contains 308 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally space typeface using Word 14-point Times New Roman.

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2023, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ *Ari Holtzblatt*
Ari Holtzblatt